IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES SHORT,

          Plaintiff,

v.                                      CIVIL ACTION NO.   2:11-cv-00999

YAMAHA MOTOR CORPORATION, U.S.A., et al.,

          Defendants.


**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendants Yamaha Motor Corporation, U.S.A., Yamaha Motor Manufacturing Corporation of America, and Yamaha Motor Company, LTD's ("Yamaha") Motion for Summary Judgment [Docket 58]. For the reasons discussed below, the Motion is **DENIED**.

**I.   Background**

    A.   *Facts*

On April 2, 2006, James Short was riding as a passenger in a Rhino, which is "a side-by-side utility vehicle manufactured by Yamaha," in Charleston, West Virginia. (Mem. Supp. Mot. Summ. J. [Docket 59], at 1.) Mr. Short's friend, Sherman Clark, owned the Rhino, and Mr. Short's cousin, Bill Pauley, was operating the Rhino when Mr. Short was riding. (*Id.* at 2.) Mr. Pauley is "an experienced ATV driver," and the area where Mr. Short and Mr. Pauley were riding was "flat and dry." (Am. Compl. [Docket 31], ¶ 13; Mem. Supp. Mot. Summ. J. [Docket 59], at 6.) Nevertheless, the Rhino rolled over during a turn, landing on Mr. Short's right

leg. (Pl.'s Resp. Opp'n Mot. Summ. J. [Docket 63], at 2.) As a result of the accident, Mr. Short's right tibia and fibia were fractured and doctors performed multiple surgeries over a twelve day period. (*Id.*)

    B.    *Procedural History*

Mr. Short filed a lawsuit on September 9, 2009, in the Superior Court of California, bringing several claims arising out of the April 2, 2006 accident. (*Id.*) This action was dismissed, and on April 15, 2010, Mr. Short filed a Complaint "directly in the multidistrict litigation proceedings" in the United States District Court for the Western District of Kentucky. (Compl. [Docket 1].) Mr. Short filed his Amended Complaint on November 8, 2011, asserting negligence, strict product liability, breach of implied warranty, violation of the Consumer Product Safety Act, and fraudulent concealment claims. (Am. Compl. [Docket 31].) The District Court for the Western District of Kentucky transferred the dispute to this court on December 16, 2011, finding that venue was proper in this court. (Order Granting Mot. to Transfer Directly [Docket 47].)

On February 6, 2012, the defendants filed a Motion for Summary Judgment [Docket 58]. This Motion is now ripe for review.

## II.    Summary Judgment Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in

the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

**III.  Analysis**

The defendants claim that they are entitled to summary judgment because Mr. Short's lawsuit was filed outside of the two year statute of limitations applicable to his claims. (Mem. Supp. Mot. Summ. J. [Docket 59], at 3.) The defendants further assert that the statute of limitations for Mr. Short's claims was not tolled by the discovery rule and the fraudulent concealment tolling doctrine. (*Id.*)

In response, Mr. Short asserts that his claims are not barred by the statute of limitations because he is entitled to the benefit of the discovery rule and the fraudulent concealment tolling

doctrine. (Pl.'s Resp. Opp'n Mot. Summ. J. [Docket 63], at 4.) He advances the argument that the discovery rule applies because the circumstances surrounding the accident did not place him on notice of the possibility of wrongdoing and he "had no reason to suspect the Yamaha Rhino had a [causal] relationship to his injury." (*Id*. at 6.) Mr. Short claims that he was unaware of a potential causal connection between the Rhino and his injury until the United States Consumer Product Safety Commission ("CPSC") issued a notification on March 31, 2009, warning the public not to use the Rhino unless certain repairs were made to the vehicle. (*Id*. at 8.) Thus, he asserts that his cause of action arising from the Rhino rollover did not begin to accrue until March 31, 2009. (*Id*.) In the alternative, he argues that even if he is not entitled to the benefit of the discovery rule, the statute of limitations on his claim was tolled because the defendants fraudulently concealed the existence of a cause of action. (*Id*.)

The West Virginia Supreme Court of Appeals has adopted a five-step process for determining whether a cause of action is time-barred. *Dunn v. Rockewell*, 225 W. Va. 43, 53 (2009). First, identify the applicable statute of limitations. *Id*. Second, identify when the requisite elements of the cause of action occurred. *Id*. Third, apply the discovery rule to determine when the plaintiff knew or reasonably should have known of the possible cause of action. *Id*. Fourth, if the discovery rule does not apply, consider whether the defendant fraudulently concealed facts from the plaintiff to prevent him from discovering the cause of action. *Id*. Finally, determine whether any other doctrine applies to toll the statute of limitations. *Id*. The first step is always a question of law, while steps two through five are generally questions of fact for the trier of fact. *Id*.

In this case, the statute of limitations for the plaintiff's claims is two years. West Virginia applies a two year statute of limitations to negligence, strict product liability, breach of implied warranty, and fraudulent concealment. *See Harrison v. Davis*, 478 S.E.2d 104, 108 n.8 (W. Va. 1996) (stating that personal injury negligence actions are governed by West Virginia Code § 55-2-12(b), which is a two year period); *Hickman v. Grover*, 178 W. Va. 249, 251 (1987) (finding that West Virginia Code § 55-2-12's two year statute of limitations applies to products liability claims); *Taylor v. Ford Motor Co.*, 185 W. Va. 518, 522 (1991) (finding that personal injury claims based on a breach of an express or implied warranty are governed by § 55-2-12's two year statute of limitations); *Brown v. Community Moving & Storage, Inc.*, 193 W. Va. 176, 178 n.3 (1995) (finding that the statute of limitations for a fraud claim is two years). The rollover accident from which Mr. Short's claims arose occurred on April 2, 2006. Therefore, April 2, 2006, is the date on which the necessary elements of Mr. Short's cause of action arose. Accordingly, the statute of limitations on Mr. Short's cause of action began to run on April 2, 2006, unless a tolling doctrine applies.

The next step of a statute of limitations analysis is to apply the discovery rule, which holds that the statute of limitations is tolled until the plaintiff knew or reasonably should have known of a possible cause of action. *VanSickle v. Kohouti*, 215 W. Va. 433, 437 (2004). Whether the discovery rule applies is an objective test; therefore, the question is whether a reasonable person in the plaintiff's position would have known of the cause of action, or could have discovered it through reasonable diligence. *Dunn*, 225 W. Va. at 53; *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 715 (1997). Generally, this question is a question of fact for the jury. *Stemple v. Dobson*,

184 W. Va. 317, 321 (1990). The West Virginia Supreme Court of Appeals ("WVSCA") has held that:

> In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

*Dunn*, 225 W. Va. at 52-53 (quoting *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 714 (1997). Additionally, the WVSCA has stated that "[w]here a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding the potential breach." *McCoy v. Miller*, 213 W. Va. 161, 165 (2003).

In this case, the plaintiff claims that he is entitled to the benefit of the discovery rule because he did not know and with the exercise of reasonable diligence could not have known that Yamaha's actions were causally related to his injury from the accident. This case is distinct from other product liability cases in which the WVSCA refused to apply the discovery rule because, in this case, the plaintiff is not claiming that he did not know that the product was defective; rather, he is claiming that he did not know that the Rhino was the cause of his injury. *See Hickman v. Grover*, 178 W. Va. 249, 253 (1987). In *Hickman v. Grover*, the WVSCA held that the discovery rule did not toll the statute of limitations because the plaintiff knew that he had been injured when an air tank exploded and he knew the identity of the air tank manufacturer. *See id.* However, in the instant case, Mr. Short claims that although he knew he was injured, he did not know that his injuries were connected to the Rhino. When there is no apparent reason to connect the product with the plaintiff's injury, the discovery rule applies. *See id.* at 252 ("Other plaintiffs will realize

they are injured, but have no reason to connect the product to the injury . . . . [I]t would be a miscarriage of justice to hold that the plaintiff's claim was barred by the statute of limitations."). This argument is persuasive when one considers the nature of the product involved in the two cases and the incidents that gave rise to the claims. Specifically, an air tank explosion is an uncommon occurrence that is unlikely to occur absent a defect. Therefore, a reasonable person would establish causal connection between the air tank and the plaintiff's injuries. In contrast, accidents involving all-terrain vehicles are not unusual, and a reasonable person would conclude that an accident involving such a vehicle was the result of human error. A reasonable person would not connect the manufacturer's design to an all-terrain vehicle accident absent facts indicating a causal connection.

When the evidence is viewed in the light most favorable to the plaintiff, a genuine issue of material fact exists as to when the plaintiff reasonably should have known of the existence of a possible cause of action arising out of the April 2, 2006 accident or been placed on notice of the possible breach of the duty of care. There is evidence that Mr. Short never owned an all-terrain vehicle or received any instruction regarding the operation of such machines. (Pl.'s Fact Sheet [Docket 63-3], ¶ 60.) Mr. Short also asserts that because he did not own the Rhino involved in the accident or a similar vehicle, he did not receive "any notifications or letters regarding safety concerns or modifications to the Rhino." (Pl.'s Resp. Opp'n Mot. Summ. J. [Docket 63], at 7.) Finally, there is evidence that Mr. Pauley, who was driving the vehicle during the accident, repeatedly said "I'm sorry" to Mr. Short after the accident. (Bill Pauley Dep. [Docket 63-2], at 180:11-17.)

In light of the evidence in this case, a reasonable juror could find that the circumstances of the April 2, 2006 accident would not place Mr. Short on notice that he had a possible cause of action against Yamaha, and thus trigger his affirmative duty to investigate. Additionally, reasonable minds could disagree regarding whether a person exercising reasonable diligence should have known that Yamaha's conduct was causally related to Mr. Short's injury. Thus, the court **FINDS** that this evidence creates a genuine issue of material fact on the issue of whether a reasonable person would have known that he or she had a possible cause of action against the defendants arising out of the April 2, 2006 accident. Accordingly, the court **DENIES** the defendants' Motion for Summary Judgment.

## IV. Conclusion

For the reasons discussed above, the court **FINDS** that there is a genuine issue of material fact as to whether the plaintiff reasonably should have known of the existence of a possible cause of action against the defendants as a result of the April 2, 2006 incident. Accordingly, the defendants' Motion for Summary Judgment [Docket 58] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 19, 2012

Joseph R. Goodwin, Chief Judge